UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRELL WENDRICKS,

                Plaintiff,

v.                                                Case No. 20-cv-1189-pp

ANNA SERRES, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
(DKT. NO. 128)**

Plaintiff Terrell Wendricks filed a complaint alleging that the defendants, five Green Bay police officers, violated his constitutional rights. The plaintiff's excessive force claims survived summary judgment, dkt. no. 56, and the court recruited *pro bono* counsel to represent the plaintiff for trial, dkt. no. 67. Following a three-day jury trial, the jury returned a verdict in favor of the plaintiff against two defendants (Alexander Carlson, Lucy Elfman) and in favor of three defendants (Anna Serres, Rodney Reetz, Aaron Walker). Dkt. No. 125. The jury awarded the plaintiff $2.00 in nominal damages for his claims against Carlson and Elfman. Id. This order addresses the plaintiff's motion for attorney's fees under 42 U.S.C. §1988. Dkt. No. 128.

The plaintiff contends that the court should award him $156,430.35 for attorney's fees. Dkt. No. 128 at 2, 7. The plaintiff asserts that he was the prevailing party as to his excessive force claims against two defendants and that the court has discretion to award him attorney fees. Id. at 3. He contends

1

that application of the factors in Hensley v. Eckerhart, 461 U.S. 424, 445 (1983), support this position. Dkt. No. 128 at 4. Specifically, the plaintiff states that the case required significant time and labor; it presented difficulties that justified the efforts used by plaintiffs' counsel; the plaintiff says that factors relating to the skill and experience of the attorneys involved and the reasonableness of the fees have been taken into account in calculating the amount of the fees he is requesting; and the results obtained were worth the effort and time expended. Id. at 5-6.

The defendants respond that the plaintiff was not a "prevailing party in a 42 U.S.C. § 1988 fee-shifting analysis" because he sought substantial compensatory and punitive damages but received only $2.00 nominal damages. Dkt. No. 130 at 2, 3-4. They also contend that even if a fee award was appropriate, the court must reject the plaintiff's fee demand because the amount he seeks is unreasonable, unspecified and unsupported. Id. at 8-27.

Title 42 U.S.C. §1988 states in relevant part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). This language two describes elements a party must show to warrant a fee award: (1) the party seeking fees must qualify as a "prevailing party"; and (2) the fee must be "reasonable." Simpson v. Sheahan, 104 F.3d 998, 1001 (7th Cir. 1997); see also Hensley, 461 U.S. at 429 ("42 U.S.C. § 1988 authoriz[es] the district courts
2

to award a reasonable attorney's fee to prevailing parties in civil rights litigation.")).

"[A] plaintiff who wins nominal damages is a prevailing party under § 1988." Farrar v. Hobby, 506 U.S. 103, 112-13 (1992) (judgment for damages in any amount, whether compensatory or nominal, confers prevailing party status on a plaintiff). "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." Id. at 114. That said, the "'technical' nature of a nominal damages award . . . does bear on the propriety of fees awarded under § 1988." Id. "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." Id. at 115. "A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." Id. "In a civil rights suit for damages, . . . the awarding of nominal damages . . . highlights the plaintiff's failure to prove actual, compensable injury." Id. (citing Carey v. Piphus, 435 U.S. 247, 254-64 (1978)). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all." Id. (citing Cary, 435 U.S. at 256-57). See also, Richardson v. City of Chi., Ill., 740 F.3d 1099, 1101 (7th Cir. 2014) ("If the jury had stopped with the $1 in nominal damages, then under *Farrar* an award of attorneys' fees would be unwarranted."); Aponte v. City of Chicago, 728 F.3d 724, 727 (7th Cir. 2013) ("[A] reasonable attorney's fee for a nominal victor is usually zero.").

In her concurrence in Farrar, Justice O'Connor articulated a method for courts to calculate reasonable attorneys' fees once it has determined that the plaintiff's victory was technical. Farrar, 506 U.S. at 120-122 (O'Connor, J., concurring).

> A reasonable fee for a de minimis victory, she wrote, should reflect (1) the difference between the amount recovered and the damages sought, (2) the significance of the issue on which the plaintiff prevailed relative to the issues litigated, and (3) whether the case accomplished some public goal.

Aponte, 728 F.3d at 727 (citing Farrar, 506 U.S. at 121-122. The Seventh Circuit has used this approach "when assessing fee awards to trifling victories." Id. (listing cases).

The Seventh Circuit has explained that "[w]hether we call an award nominal, technical, or de minimis, no specific dollar amount can be assigned to these kinds of trifling awards." Id. at 728. "Their meaning is contextual and will vary on a case-by-case basis." Id. "So in determining whether an award should be analyzed under *Farrar*, district courts should look at the entire litigation history, including the number of victorious versus unsuccessful claims, the amount of damages sought versus recovered, time expended by the parties, and judicial resources." Id.

In this case, the jury awarded the plaintiff "nominal" damages, and that means his victory was "technical" or "*de minimis*." The court allowed the plaintiff (who represented himself at the time he filed the complaint) to proceed against five defendants; as to each of those defendants, it allowed him to proceed on Fourth Amendment claims of excessive force and Fourteenth

4

Amendment claims of deliberate indifference to his serious medical needs. Dkt. No. 8 at 5-6. The plaintiff continued to represent himself at the summary judgment stage; the court denied the defendants' motions for summary judgment as to the excessive force claim, but granted the motion as to the deliberate indifference claim and dismissed that claim as to all five defendants. Dkt. No. 56. The jury found that three of the five defendants did not use unreasonable force in violation of the Fourth Amendment; it found that while the remaining two defendants did violate the plaintiff's constitutional rights by using unreasonable force against him, those two defendants did *not* cause the plaintiff harm. Dkt. No. 125. The number of the plaintiff's unsuccessful claims exceeds the number of successful claims, which weighs in favor of a finding that the plaintiff's victory was "technical" or "*de minimis*."

In his complaint, the plaintiff sought $1,500,000. Dkt. No. 1 at 7. He also asked for counseling for psychological trauma and he asked the court to terminate the defendants from the police force and ban them from working in law enforcement. Id. The defendants assert that before trial, the plaintiff reduced his demand to $75,000. Dkt. Nos. 130 at 2; Dkt. No. 129 at ¶3. The jury awarded the plaintiff $1 in nominal damages for each of the two defendants whom it found to have violated the plaintiff's Fourth Amendment rights, for a total of $2. Dkt. No. 125. The fact that the jury awarded a miniscule fraction of the damages amounts the plaintiff sought weights in favor of a finding that his victory was "technical" or "*de minimis*."

5

Three attorneys represented the plaintiff; they assert that in total, they expended 608.25 hours. Dkt. No. 128 at 4. Counsel were recruited in September 2023 and the trial concluded in mid-August 2024. Dkt. No. 128-1. Six-hundred eight hours over eleven months is a significant amount of time, and the trial made clear that counsel had worked hard on the plaintiff's behalf. But the case had been pending for three years when counsel joined it. Defense counsel had been involved for almost that entire time. The court had expended resources before counsel joined the case, working through a fully briefed summary judgment motion, the defendant's effort to obtain counsel on his own and the court's recruitment of counsel. The court's recruitment order specified that counsel had agreed to represent the plaintiff "on a volunteer basis." Dkt. No. 67 at 1. Although the time the plaintiff's counsel expended on his behalf, at the court's request, was not insignificant, it does not outweigh the message sent by the verdict. The plaintiff's victory was "technical." The court will apply the Justice O'Connor factors from Farrar.

The first Farrar factor—the difference between the amount recovered and the amount sought—is "the most important." Aponte, 728 F.3d at 731. In analyzing whether to apply Farrar, the court already has concluded that this factor weighs in favor of awarding no attorneys' fees. As discussed, the plaintiff's complaint (filed when he was unrepresented) sought $1,500,000 in damages. Dkt. No. 1. The defendants say that he reduced that request to $75,000 in pre-trial settlement discussions. Dkt. No. 130 at 5. The plaintiff also sought unspecified compensatory and punitive damages at trial. As the

6

plaintiff acknowledges, this factor weighs against imposing attorneys' fees. Dkt. No. 134 at 5; see also Briggs v. Marshall, 93 F.3d 355, 361 (7th Cir. 1996) (plaintiffs requested $75,000 in compensatory damages plus punitive damages; jury's award of only $4 was a substantial difference and weighed against awarding attorney's fees); Aponte, 728 F.3d at 730 (plaintiff requested $100,000 in compensatory damages; jury's award of only $100 was a substantial difference and weighed against awarding attorneys' fees).

The second factor (the significance of the legal issue on which the plaintiff prevailed) is the "least significant of the three" factors. Briggs, 93 F.3d at 361. This factor weighs slightly in favor of an award of attorneys' fees because the jury found that two of the defendants used unreasonable force against the plaintiff. Id. (citing Maul v. Constan, 23 F.3d 143, 145 (7th Cir. 1994)).

The third factor—whether the case accomplished some public goal—weighs against awarding attorneys' fees. The Seventh Circuit has explained that "all Section 1983 claims seek to redress 'the deprivation of *** rights, privileges, or immunities secured by the Constitution and laws ***,'" and thus the third factor "is not satisfied merely because the plaintiff establishes . . . that his constitutional rights have been infringed." Maul, 23 F.3d at 146 (quoting 42 U.S.C. §1983). Instead, a court "must scrutinize plaintiff's complaint to determine whether the allegations made and the relief sought evince a public purpose rather than merely attempt to redress a private injury." Id.

The plaintiff sued only on his own behalf. He alleged only violations of his own rights. He did not assert that the defendants had engaged in a pattern or practice of using excessive force. He sought damages for himself, and counseling for himself. Although he did ask the court to fire the defendants and ban them from the police force "so nobody has to experience what I did," dkt. no. 1 at 7, he did not obtain that relief. The jury awarded him only nominal damages because it found that the defendants had not caused the plaintiff harm. The court does not mean to minimize the fact that the jury found that two of the police officers used more force against the plaintiff than was reasonable under the circumstances. But his complaint shows that the primary relief he sought was for himself, and the jury's verdict not only did not support his request for the court to fire the defendants but the court did not have that authority.

"[A] reasonable attorney's fee for a nominal victor is usually zero." Aponte, 728 F.3d at 726–27 (citing Farrar, 506 U.S. at 115). Based on the Farrar factors and Seventh Circuit precedent, the court will not award the plaintiff attorney's fees. See Briggs, 93 F.3d at 358 (plaintiffs who were awarded $4 in nominal damages for an excessive force claim but whose other claims were dismissed or denied by the jury were not entitled to attorney's fees under §1988); Aponte, 728 F.3d at 727-28 (attorney's fees were denied when plaintiff sued multiple officers for Fourth Amendment violations and was only awarded $100, noting that his award was only 0.4% of the requested compensation); Cartwright v. Stamper, 7 F.3d 106, 107-08, 110 (7th Cir. 1993) (attorney's fees

8

Case 2:20-cv-01189-PP   Filed 02/04/25   Page 8 of 9   Document 136

denied when plaintiffs awarded $4 in nominal damages for an unlawful trespass against an officer, noting that the weight of the first and third factors in Farrar indicated a *de minimis* victory); Maul, 23 F.3d at 147 (district court abused discretion by awarding attorney's fees when plaintiff awarded $1 in nominal damages for a §1983 claim).

The court **DENIES** the plaintiff's motion for attorneys' fees. Dkt. No. 128.

Dated in Milwaukee, Wisconsin this 4th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**